PER CURIAM.
Appellant, defendant in the trial court, was informed against and charged with the crime of breaking and entering a building other than a dwelling house with intent to commit a misdemeanor. He was tried along with a codefendant and found guilty by a jury. Following the conviction and sentence defendant appeals.
Appellant urges this court to reverse the verdict of the jury and the sentence of the court for the reason that the trial judge failed to give the specific requested instruction concerning circumstantial evidence. The record reveals that the trial judge gave the following instruction, which we believe is sufficient:
“[Cjircumstantial evidence is legal evidence. A well-connected chain of circumstances is as conclusive of a fact as positive evidence. Its value is dependent upon its conclusive nature and tendency. When circumstances are relied upon to establish the guilt of a defendant in a criminal case or to estab *825 lish any indispensable element of the offense, they must not only be so conclusive as to prove such element and the defendant’s guilt beyond every reasonable doubt, but they must be inconsistent with any reasonable hypothesis of innocence. If they are susceptible of two equally reasonable constructions, one indicating guilt and the other innocence, you must accept that construction indicating innocence.”
This instruction was taken from the 1967 Florida Judicial Seminar on Criminal Instruction and is sufficient to adequately inform the jury in their consideration of circumstantial evidence.
No error having been made to appear, the judgment is affirmed.
HOBSON, C. J., and LILES and Mc-NULTY, JJ., concur.